FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA 2012 JUN -7 PM 1:52
JACKSONVILLE DIVISION

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

HUNCHAN COMPANY, a foreign corporation,

    Plaintiff,

v.    Case No. 3:12-cv-306-HES-JBT

GERBING'S HEATED CLOTHING, INC.,
a foreign corporation,

    Defendant.

_____/

## ORDER

This cause is before this Court on Defendant's Motion to Transfer Venue (Dkt. 6, filed March 28, 2012). In this pleading, Defendant, invoking 28 U.S.C. § 1404(a), seeks transfer of this case to the U.S. District Court for the Western District of Washington. Upon due consideration, Defendant's Motion is **GRANTED.**

On balance, the plaintiff's initial choice of forum, the convenience of the parties and witnesses, the relative ease of access to sources of proof, the availability of compulsory process for witnesses, the location of relative documents, the parties' ability to bear the cost of the change in venue, and other practical considerations that will make trial of this case easy, expeditious, and inexpensive weigh strongly in favor of a transfer of venue to the Western District of Washington. Most of the events giving rise to this litigation—the placing of orders for product, the manufacture of product, the shipping of product, and the making of payments—occurred between Tumwater, Washington, and Hong Kong, China. The only event related to this litigation that occurred in Jacksonville, Florida was a brief meeting between a representative of Defendant and a representative of Plaintiff in an attempt to settle this dispute; the rest of the parties' relevant dealings occurred in Tumwater, Washington, and Hong Kong, China. Defendant is a Washington

corporation with its principal place of business in Tumwater, Washington, and most of Defendant's witnesses reside in Washington. None of Defendant's witnesses resides in Florida. Plaintiff is a Chinese corporation, and while one of its main witnesses resides in Jacksonville, Florida, its other main witness resides in China. The bulk of the documents related to this litigation—purchase orders, invoices, and payment records—originated in Tumwater, Washington and Hong Kong, China.

Indeed, the only considerations that weigh against a change of venue are that one of Plaintiff's main witnesses resides in Florida and the events underlying Count IV of the Complaint—events that represent only a small fraction of the relevant dealings between the parties—occurred in Jacksonville, Florida. These considerations pale in comparison to those favoring a change of venue.

Accordingly, it is **ORDERED** and **ADJUDGED**:

1. Defendant's Motion to Transfer Venue (Dkt. 6) is **GRANTED**; and

2. The Clerk is directed to **TRANSFER** this case to the Western District of Washington.

**DONE AND ENTERED** at Jacksonville, Florida, this 6 day of June, 2012.

HARVEY E. SCHLESINGER
United States District Judge

Copies to:
Clerk, U.S. District Court, Western District of Washington
Gavin C. Gaukroger, Esq., Attorney for Defendant
Michel O. Weisz, Esq., Attorney for Defendant
John R. Stiefel, Jr., Esq., Attorney for Plaintiff